-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────

JOHN L. HORACE,

Plaintiff,

-v-

KEVIN GIBBS, Field Parole Officer;
DAWN ANDERSON, Senior Parole Officer;
MONALTO, Parole Polygrapher;[1]
NEW YORK STATE DIVISION OF PAROLE,

Defendants.

────────────────────

**DECISION AND ORDER**
14-CV-0655S



## <u>INTRODUCTION</u>

Plaintiff, John Horace, an inmate of the Gowanda Correctional Facility,

initially filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket

No. 1) in the United States District Court, Southern District of New York.

Because the claims at issue arose in Monroe County, New York, the

Southern District transferred the action to this District pursuant to 28 U.S.C.

§ 1406(a).  (Docket No. 4, Transfer Order.)  Plaintiff has both requested

permission to proceed *in forma pauperis* and filed a signed Authorization

───────────────────

[1] The caption of this action when transferred to this Court included "Monalto, Parole Polygrapher" as
a defendant.  The Court, however, has reviewed the complaint but finds no reference to Monalto anywhere
in the complaint.  Accordingly, Monalto is dismissed as a defendant to this action.  *See Colon v. Coughlin*, 58
F.3d 865, 873 (2d Cir. 1995) (In order for a plaintiff to establish a claim against a defendant in a § 1983 action,
the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct.)

(Docket No. 8).  He also has filed a number other motions including a motion

for appointment of counsel (Docket No. 9) and motions to compel a Vaughn

Index[2] (Docket No. 10) and discovery (Docket Nos. 15, 18), and he has filed

requests for discovery, including a request for production of documents,

interrogatories and requests for admissions (Docket Nos. 11-13).

Plaintiff alleges that he was arrested for a parole violation by

defendants Gibbs and Anderson, New York State Division of Parole Officers,

on December 3, 2013, and Gibbs placed the handcuffs around his hands so

tightly it caused him significant pain and a permanent scar.  Plaintiff also

was very concerned and anxious that the tight handcuffs would cause him

to suffer serious health issues because he suffered from diabetes and high

blood pressure, which he claims Gibbs knew as his Parole Officer.  He also

alleges that he was placed in the back seat of a Division of Parole vehicle by

Gibbs and Anderson with his hands still cuffed behind him and transported

to both the Parole Office and Monroe County Jail.  This was very

uncomfortable and caused him significant pain in his knees and back.  He

---

[2]A Vaughn Index is basically an itemized listing of documents that a Federal Agency, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, has declined to produce pursuant to a FOIA Request.  *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  Any requests made to the New York State Division of Parole would have to be made under the New York Freedom of Information of Law ("FOIL"), not FOIA, and therefore a Vaughn Index is not applicable in any way herein.  Moreover, any FOIL Request and response thereto would be separate and apart from this action and would not be litigated in this action.  *See* Freedom of Information Law, N.Y.McKinney's Public Officers Law § 84 *et seq.*; *see also Schuloff v. Fields*, 950 F.Supp 66, 67-68 (E.D.N.Y. 1997) (The appropriate vehicle for challenging denials of access to a Freedom of Information Law requests is a state court Article 78 proceeding, New York State CPLR § 7801.)

had suffered previously from three herniated discs and a knee injury and the uncomfortable placement in the vehicle exacerbated these injuries.  When plaintiff was brought to the Monroe County Jail, he was provided insulin for low blood sugar and remained in the Nurses' Office for monitoring.

Plaintiff also sues the New York State Division of Parole and Monalto, a "Parole Polygrapher."  He also refers to "Defendant City of Rochester" in the body of complaint but does not list it as a defendant in the caption of the complaint.  (Complaint, ¶ 6.)  Because of plaintiff's *pro se* status, the Court will direct that the Clerk of the Court amend the caption of this action and add City of Rochester as a defendant.

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and his motions for appointment of counsel[3] and to compel discovery are denied without prejudice.[4]  His motion compelling a Vaughn Index is denied with prejudice.  Several of plaintiff's claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S.

---

[3]A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

[4]Plaintiff's motions to compel are premature as are his discovery requests which form the basis of the motions to compel.  Defendants have not been served to date and thus any requests for discovery are premature.  If issue is joined, plaintiff may re-file and serve his discovery requests.

Marshals is ordered with respect to the remaining claims against Gibbs and Anderson.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d

4

Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S.89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam*)).

Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## A. PLAINTIFF'S CLAIMS

As noted, plaintiff alleges that defendant Gibbs, in the presence of Anderson, placed handcuffs on plaintiff during his arrest on December 3, 2013, so tightly that it caused plaintiff significant pain and permanent scarring. (Complaint, Section III, at 2.)  He also alleges that he asked repeatedly that the cuffs be loosened and that he was concerned that the tightness of the cuffs could cause circulation issues and serious problems with his diabetes and high blood pressure--medical issues which Gibbs knew he suffered from.  (Id., ¶ ¶ 14-18, at pp. 4-5.)  Plaintiff next alleges that he was placed in a car with his hands still cuffed behind his back and transported first to the Parole Office and then to the Monroe County Jail.  The position he was forced to sit in while in the car was very uncomfortable, and caused significant pain in his back and knee and exacerbated his herniated discs and prior knee injury.  Plaintiff claims he is receiving continued medical care for his back and knee as a result of this incident.  (Id., Section III, at pp. 2-3; ¶ ¶ 19-22.)

### 1. New York State Division of Parole

Defendant sues the New York State Division of Parole, which the Court notes is officially the New York State Department of Corrections and Community Supervision ("DOCCS").[5]  As an arm of New York State, DOCCS is immune from

---

[5]See Soto v. Superintendent, 2014 WL 3819025, at *3, n.1 (N.D.N.Y., Aug. 4, 2014) (Report and Recommendation adopted in its entirety by District Judge) (On April 1, 2011, the New York State Department of Correctional Services and the Division of Parole merged into one agency entitled the New York State Department of Corrections and Community Supervision.)

suit for damages under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of the state," such as DOCCS, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Accordingly, the claims against this defendant must be dismissed with prejudice.

    2. <u>City of Rochester</u>

As addressed above, plaintiff referred to "defendant City of Rochester" in the body of the complaint (Complaint, ¶ 6), but did not include the City as a defendant in the caption of the complaint. The Court therefore has directed that the caption of this action be amended to include the City as a defendant. Plaintiff's claims against the City appears to be based on his misunderstanding that Gibbs and Anderson were employed by the City of Rochester and that the City was responsible for Gibbs's and Anderson's actions. Gibbs and Anderson are employees of DOCCS not the City of Rochester and, even if they were employed by the City, the complaint fails to state a claim upon which relief can be granted against the City.

Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as the City of Rochester may not be held liable under § 1983 <u>unless</u> the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*,

436 U.S. 658, 694 (1978).  Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory.  *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694.  Because there are no allegations in the complaint against the City nor that any of the actions alleged occurred pursuant to a policy or custom of the City, the complaint must be dismissed against the City of Rochester with prejudice.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* (Docket No. 8) is hereby granted.  For the reasons discussed above, plaintiff's claims against defendants New York Division of Parole, Monalto and City of Rochester are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Gibbs and Anderson regarding the remaining claims.[6]

---

[6]*See, e.g.*, *McEachin v. McGuinniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir.

Plaintiff's motions for appointment of counsel (Docket No. 9) and to compel discovery (Docket Nos. 15 and 18) are denied without prejudice.  His request compelling a Vaughn Index is denied with prejudice.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 8) is granted, his motions for appointment of counsel (Docket No. 9) and to compel discovery(Docket Nos. 15 and 18) are denied without prejudice, and his motion to compel a Vaughn Index is denied with prejudice;

FURTHER, that the Clerk of the Court is directed to amend the caption of this action to include the "City of Rochester" as a defendant;

FURTHER, that plaintiff's claims against defendants "New York Division of Parole," "Monalto, Parole Polygrapher," and "City of Rochester" are dismissed with prejudice;

---

1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

In allowing these claims to proceed and directing a response to them, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment. *See Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F.Supp.2d 459, 468069 (S.D.N.Y.2008) ("Although handcuffs must be reasonably tight to be effective ... overly tight handcuffing can constitute excessive force.") (citations omitted.); *see also Finley v. Perry*, 2010 WL 6427496, at *7 (N.D.N.Y., July 13, 2010 (Report & Recommendation) ("Many of the relevant cases reviewed by this court have dismissed Eighth Amendment claims based on allegedly malicious use of handcuffs on prisoners or arrestees which result in no lasting injury. In this case, however, plaintiff's allegations, if believed, describe more malicious conduct that just the application of tight handcuffs. Moreover, the medical records indicating a non-acute fracture in his right wrist, provide some corroboration of his claim of a resulting injury.") (citations omitted)).

FURTHER, that the Clerk of the Court is directed to terminate defendants New York Division of Parole, Monalto, Parole Polygrapher and City of Rochester, as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Kevin Gibbs and Dawn Anderson without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[7]

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated:  _March 5_, 2015

---

[7]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.